JOHN LOLER, Appellant, *v.* JOHN COOL *et al.*, Respondents.

1. *Practice—Pleading.*—An answer to a petition setting forth a contract and stating the particulars in which defendant failed to keep it, averring that the defendant had kept its terms and performed its conditions, although informal in not specifically denying the several allegations of the petition, presents issues to be tried, and does not admit the breaches alleged. Exceptions to such answer should be made before trial.

*Appeal from St. Louis Circuit Court.*

*Goff*, for appellant.

*Shreve* and *Colvin*, for respondents.

HOLMES, Judge, delivered the opinion of the court.

The plaintiff sued for damages for the failure of the defendants to perform the stipulations contained in a written lease, requiring the lessee Cool to make certain improvements on the farm during the period of the lease, which were to be left on the premises at the end of the term. The answer admitted the stipulations, and averred a performance of them on the part of the lessee, and set up a counter-claim, to which there was a reply. There was a trial before a jury, and a verdict was given for the defendants.

The instructions asked for by the plaintiff were refused; but the court proceeded to give an instruction on his behalf as follows: "The jury are instructed that the terms of the lease are stated in the petition and are admitted by the answer, and if the jury find from the evidence that the defendants failed to comply with their contract as therein stated, they will find for the plaintiff, and assess his damages at such sum as they find he has been damaged by said failure." This instruction would seem to have presented the case to the jury as fairly for the plaintiff as he could reasonably expect, and it substantially placed the whole issue before the jury.

The first instruction, which was refused for the plaintiff, required the court to tell the jury that the answer contained no sufficient denial of the specific allegations of breaches of contract as set forth in the petition, and that they therefore stood admitted, and required no proof. The petition stated the several particulars in which the defendant had failed to keep and perform the contract. The answer averred that they "had in all respects faithfully kept its terms and complied with its conditions, except in the payment of the taxes in the sum of thirty-one dollars." This answer was informal

and defective in not specifically denying the several allegations of the petition as contemplated by the statute. But the plaintiff had taken no exception to it, either by demurrer or motion to strike out any part of it, and as he chose to go to go to trial upon it as it stood, his instruction was properly enough refused. The answer was sufficient to notify the plaintiff that the breaches alleged were not intended to be admitted, but were distinctly put in issue. These questions of pleading should be settled in the court below before the parties go to trial. There was no material error in the refusal of the other instructions.

Some objections were made to the admission of testimony, without any distinct exceptions being taken, which do not appear to have been at all material to the merits of the controversy.

The judgment will be affirmed. Judge Wagner concurs; Judge Lovelace absent.